UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL W PEDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01621-JMS-DKL |
| | ) |
| MICHAEL D. BOWLBY Sheriff of Shelby County, | ) |
| | ) |
| Defendant. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Carl W. Pederson, a pretrial detainee at the Shelby County Criminal Justice Center, seeks a declaratory judgment and injunctive relief from Michael D. Bowlby, the Shelby County Sheriff. Pederson has a list of complaints related to grievances, safety, sanitation, housing, recreation, and law library access. This action is necessarily brought pursuant to 42 U.S.C. § 1983.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is Ato give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). As a pretrial detainee, Pederson is entitled to protection under the Fourteenth Amendment.

An act or practice that violates the Eighth Amendment also violates the Fourteenth Amendment rights of a pre-trial detainee. *Bell v. Wolfish,* 441 U.S. 520, 536 n.16 (1979); *Martin v. Tyson,* 845 F.2d 1451, 1456 (7th Cir. 1988). "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell*, 441 U.S. at 542).

The Plaintiff=s Complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the Court to draw the reasonable inference that the conditions of

his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. The Plaintiff must do more than list his basic human needs. He must allege facts which show he was deprived of these human needs over an extended period of time. *See James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety."). *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (AThe conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'")(quoting *Bell*, 441 U.S. at 542).

## II.

The dismissal of the Complaint shall not result at this point in the dismissal of the action. The plaintiff shall have the opportunity to file an amended complaint. He shall have **through November 15, 2013,** in which to do so.

The plaintiff is **notified** that the amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999). In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- ! The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."

- ! The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances.

- ! The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If no amended complaint is submitted, the action will be dismissed consistent with the discussion and ruling in Part II of this Entry. If an amended complaint is filed as directed, it too will be subject to screening pursuant to ' 1915A.

**IT IS SO ORDERED.**

Date: 10/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CARL W PEDERSON
SHELBY COUNTY CRIMINAL JUSTICE CENTER
107 W. TAYLOR STREET
SHELBYVILLE, IN 46176

All Electronically Registered Counsel